IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :    CASE NO. 21 Cr. 447 (CJN) |
| **MICHAEL STEVEN PERKINS** | : |

**GOVERNMENT'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION
TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through counsel, the Acting United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Michael Steven Perkins's Motion for Modification of Conditions of Release ("Mot."), filed on September 13, 2021 (ECF No. 40). The Government respectfully opposes the defendant's motion and asks that the conditions of his pretrial release be kept as is.

**Factual Background**[1]

On January 6, 2021, Perkins, along with his four codefendants – Jonathan Pollock, Joseph Hutchinson, Joshua Doolin, and Olivia Pollock -- engaged in a coordinated effort to attack law enforcement officers at the U.S. Capitol. Perkins, his codefendants, and others who engaged in the attacks were part of a larger group of individuals who appear to have traveled together from the Washington Monument to the Capitol grounds on the afternoon of January 6, 2021. Many members of this group are related and/or from the same area of Florida and also traveled to and from the Washington D.C. area in concert with each other in the days before and

---

[1] Much of the information in this section was contained in the Government's Memorandum in Support of Pretrial Detention, filed on July 6, 2021 (ECF No. 10) in advance of a detention hearing conducted in front of Magistrate Judge G. Michael Harvey on July 8, 2021.

after January 6, 2021.

In fewer than 20 minutes, between approximately 1:56 p.m. and 2:12 p.m., the core group of the five charged defendants (as well as several others who are not charged) participated in at least four bouts of assaultive conduct against U.S. Capitol Police ("USCP") and/or Metropolitan Police Department ("MPD") officers who were protecting the west side of the Capitol building. Throughout the course of the day, several members of the group were wearing military-style ballistic vests, some of which displayed matching patches. Perkins traveled with this core group for a portion of the afternoon and personally participated in at least two assaults.

1. **Before 2:04 p.m.**

At approximately 1:56 p.m., Perkins's co-defendant, Jonathan Pollock, and another individual, Associate-2,[2] each charged towards a line of police officers stationed along a set of steps at the west side of the Capitol where low metal fences separated the crowd and the police officers. Jonathan Pollock and Associate-2 each brandished a flagpole pointed at the line of officers. Officers wrestled the flagpoles away from Jonathan Pollock and Associate-2, causing Jonathan Pollock to fall backwards into the crowd. After Hutchinson helped Jonathan Pollock to his feet, Jonathan Pollock charged at the metal fence, throwing his shoulder into it and pushing it forward, while shouting "Let's Go!"

Hutchinson and Associate-2, along with other rioters in the crowd, grabbed the fence, pulling it away from the line of officers and providing Jonathan Pollock and other rioters with unobstructed access to the officers. Jonathan Pollock charged the police line, jumping over other

---

[2] Individuals referenced in the Complaint as Associate-2 and Associate-5 have not been charged in connection with this investigation.

rioters to attack police officers. Jonathan Pollock then pulled one police officer down the steps, kneed and punched another officer in the face, then punched a third officer in the face and pushed that officer to the ground by holding his neck in a choking action. While Jonathan Pollock was assaulting these officers, Perkins was present nearby in the crowd:[3]



*Government Exhibit 1*

2. **2:04 p.m.**

Less than ten minutes later, at approximately 2:04 p.m., Perkins joined the melee. By this point, the metal fences separating the rioters from the line of officers had been overrun, and the crowd was now held back by a line of police officers with riot shields.

Perkins and another individual ("Associate-5") pushed Hutchison from behind, propelling him at the line of police officers. Hutchison then squared-off into a fighting stance, and began

---

[3] In the Government's exhibits, Perkins is notated in dark blue, Jonathan Pollock is notated in green, Hutchison is noted in grey, Associate-2 is notated in orange, Doolin is notated in maroon, Associate-5 is notated in red, and Olivia Pollock is notated in light blue.

punching at the faces of the officers in the line. Government Exhibits 2 and 3, depict Perkins, bending forward, after pushing Hutchinson (Ex. 2) and Hutchinson engaging with the line of officers (Ex. 3):



*Government Exhibit 2*



*Government Exhibit 3*

Meanwhile, Jonathan Pollock and Associate-2 again charged the line of officers. Associate-2 was holding a flagpole, which he used to push other rioters out of the way. Jonathan Pollock grabbed a riot shield that a police officer was holding and engaged in a tug-o-war with the officer for several seconds, until Jonathan Pollock pulled the officer down the steps, broke the officer's grasp, and took the shield.

Jonathan Pollock then charged up the steps, holding the shield in front of himself and propelled from behind by two other rioters, and slammed into the line of officers. Joshua Doolin, bracing the flagpole that had been dropped by Associate-2 on his shoulder, advanced up the steps, pointing the flagpole at the line of officers, before being turned back by what appears to be

chemical spray and dropping the flagpole. Perkins then picked up the flagpole with an American Flag and threw it in the direction of Jonathan Pollock and the line of police officers:



*Government Exhibit 4A*

After that, a police officer was pulled into the crowd of rioters at the base of the steps. As several other police officers rushed into the crowd to assist the officer, Perkins picked a flagpole with a predominantly red flag up off of the ground. Perkins then thrust the flagpole into the chest of a police officer, who was running to assist the officer in the crowd:



*Government Exhibit 4B*



*Government Exhibit 4C*



*Government Exhibit 5*



*Government Exhibit 6*

Perkins then raised the flagpole over his head, brought the flagpole down in the direction of another officer, and appears to have struck that officer in the back or the back of the head.



*Government Exhibit 7*



*Government Exhibit 8*

### 3. After 2:04 p.m.

After this series of assaults, members of the core group of co-defendants, continued to direct violence at the officers on the west side of the Capitol Grounds. *See* Complaint ¶¶ 35-38. Rather than disassociate himself from this violent crew, Perkins stayed with them, at least until approximately 2:58 p.m., when he stood with the group as Jonathan Pollock assaulted yet another officer, by trying to pull that officer over a railing:



*Government Exhibit 9*

### Procedural History

On June 25, 2021, Perkins was charged by complaint (the "Complaint") with: (1) Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2; (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

Perkins was arrested in the Middle District of Florida on June 30, 2021 and presented in that district on that same date.4   At the hearing, the Government orally moved for the defendant's detention pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) and Perkins's counsel requested that the detention hearing be conducted in the District of Columbia.

On July 1, 2021, a grand jury in the District of Columbia returned indictment 21 Cr. 447 (the "Indictment") charging Perkins with (1) Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Count Six of the Indictment); (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. 1752(a)(1) (Count Sixteen of the Indictment); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Seventeen of the Indictment); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. 1752(a)(4) (Count Eighteen of the Indictment); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Nineteen of the Indictment).

A hearing was conducted on July 8, 2021 in front of Magistrate Judge G. Michael Harvey, which hearing was continued until July 13, 2021, when Judge Harvey ordered the defendant released on his own recognizance, subject to, among other conditions, home detention and GPS monitoring.   *See* ECF No. 29.   The defendant's current conditions of release permit the defendant to leave his residence for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered

---

4 Three of the defendants co-defendants – Hutchinson, Doolin, and Olivia Pollock – were also arrested on June 30, 2021, and released subject to bail conditions.   A fifth defendant, Jonathan Pollock, who was the most violent member of the core group, has yet to be apprehended.

obligations; or other activities approved in advance by the pretrial services office or supervising officer.

## ARGUMENT

The pretrial release conditions imposed by Judge Harvey are necessary to provide for the safety of the community and the defendant has not provided a change in circumstances sufficient to justify a change in these conditions. The current conditions of release allow the defendant to care for himself and support his family through his employment, as he appears to be doing. Indeed, in this Motion, the defendant cites only the occasional false alarm by the GPS monitoring equipment as reason to modify his release conditions. While certainly inconvenient, this is not an impediment to his continued employment or his participation in any other approved activities.

The Government appreciates that the defendant has thus-far been compliant with his conditions of release. However, his compliance is expected. Although any failure to comply could result in revocation of his release, it does not necessarily follow that compliance should result in further reduction of the defendant's conditions of release. Rather, apparent compliance is some evidence that the defendant's existing conditions are currently working to ensure community safety.

There has been no change in the defendant's physical or life circumstances that decreases the danger he presents to the community. The defendant has demonstrated a tendency toward violence and a willingness to impede and obstruct the right and lawful function of government. The current conditions of release continue to balance allowing the defendant to maintain his employment and care for himself, protecting the safety of the community, and ensuring his

continued appearance before the Court.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

*/s/ Benet J. Kearney*
Benet J. Kearney
N.Y. Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
(212) 637 2260
Benet.Kearney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021 I caused a copy of the foregoing opposition to be served on defense counsel of record via email.

*/s/ Benet J. Kearney*
Benet J. Kearney
Assistant United States Attorney