**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CASE NO. 21 Cr. 447 (CJN)** |
| **MICHAEL STEVEN PERKINS** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum in response to defendant Michael Steven Perkins's motions to modify the conditions of his release, filed on December 30, 2021 (ECF No. 71) and January 4, 2022 (ECF No. 72). The Government respectfully opposes the defendant's request to remove both the condition that he not have contact with his co-defendants, unless in the presence of counsel, and the drug testing requirement. However, should the Pretrial Services Office ("Pretrial Services") determine that drug testing is no longer necessary, the Government does not object to the suspension of testing, provided that Pretrial Services is permitted to resume testing should it be deemed necessary.

### Procedural Posture

On June 25, 2021, Perkins was charged by complaint (the "Complaint") with: (1) Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2; (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in

violation of 18 U.S.C. § 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

Perkins was arrested in the Middle District of Florida on June 30, 2021 and presented in that district on that same date.[1]   At the hearing, the Government orally moved for the defendant's detention pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A) and Perkins's counsel requested that the detention hearing be conducted in the District of Columbia.

On July 1, 2021, a grand jury in the District of Columbia returned indictment 21 Cr. 447 (the "Indictment") charging Perkins with (1) Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Count Six of the Indictment); (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1) (Count Sixteen of the Indictment); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Seventeen of the Indictment); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count Eighteen of the Indictment); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Nineteen of the Indictment).

A hearing was conducted on July 8, 2021 in front of Magistrate Judge G. Michael Harvey, which hearing was continued until July 13, 2021, when Judge Harvey ordered the defendant released on his own recognizance, subject to, among other conditions, home detention and GPS

---

[1] Three of the defendants co-defendants – Hutchinson, Doolin, and Olivia Pollock – were also arrested on June 30, 2021, and released subject to bail conditions.   A fifth defendant, Jonathan Pollock, who was the most violent member of the core group, has yet to be apprehended.

monitoring.   *See* ECF No. 29.   The defendant's current conditions of release permit the defendant to leave his residence for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.[2]   He is also required to, among other things "avoid all contact with . . . co-defendants charged in the instant matter, unless in the presence of counsel," and to "submit to testing for a prohibited substance if required by the pretrial services office or supervising officer."   *Id.* at (7)(g), (7)(n).   The defendant now seeks to eliminate both the requirement that he not have contact with his co-defendants and the requirement that he submit to drug testing, if required by Pretrial Services.

## The Court Should Not Modify the Conditions of the Defendant's Pre-trial Release

The pretrial release conditions imposed by Judge Harvey and affirmed by this Court continue to balance allowing the defendant to maintain his employment and attend religious services, protecting the safety of the community, and ensuring his continued appearance before the Court.   Indeed, Pretrial Services has already adjusted that parameters of the defendant's location monitoring to permit him to attend church events multiple times each week and it appears that the defendant has been able to do so without violating the conditions of his release, despite the fact that at least two co-defendants attend the same church.

---

[2] On September 13, 2021, the defendant filed a motion to remove the home detention condition and be placed on stand-alone GPS monitoring (ECF No. 40).   On September 27, 2021, this Court denied that motion, with the understanding that Pre-trial services would work to accommodate the defendant's work and religious services schedules.   On November 17, 2021, this Court granted a temporary modification to the defendant's conditions to permit him to attend a church-sponsored retreat.

Other than the defendant's wife's desire to participate in or host prayer services at her home, there has been no change in the defendant's circumstances since the release conditions were set that mitigates the danger he poses to the community.   Ms. Perkins is free to participate in and host events at her home, so long as none of her husband's co-defendants are in attendance. And she is free to participate in and host events at other locations, including at the church itself or at the residences of others.   Neither she nor the defendant have presented grounds that warrant modification the defendant's conditions of release.

The Government appreciates the defendant's compliance with the drug testing regime set by Pretrial Services and his consistently negative tests.   Should his supervising officer determine that the current level of testing is unnecessary, the Government does not object to a decrease in the frequency with which the tests are administered, the use of alternative testing methods, or the suspension of testing.   However, the testing condition – which only requires that the defendant submit to testing if required by Pretrial Services – should remain in place, should circumstances arise under which the supervising officer deems it necessary to resume testing.

<u>**CONCLUSION**</u>

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*/s/ Benet J. Kearney*
Benet J. Kearney
N.Y. Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
(212) 637 2260
Benet.Kearney@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2022 I caused a copy of the foregoing opposition to be served on defense counsel of record via email.

/s/ Benet J. Kearney
Benet J. Kearney
Assistant United States Attorney