# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION

**LISA EVANS LEWIS**  
Chief Federal Defender

The Curtis - Suite 540 West  
601 Walnut Street  
Philadelphia, PA 19106  
Phone: 215.928.1100  
Fax: 215.928.1112

**JENNIFER CHICCARINO**  
First Assistant

August 22, 2023

The Honorable Carl J. Nichols  
United States District Court for the District of Columbia  
E. Barrett Prettyman U.S. Courthouse  
333 Constitution Avenue, NW  
Washington, DC 20001

      RE:    <u>*United States v. Michael Steven Perkins*</u>  
              *Criminal Number 21-CR-447-CJN-4*

Dear Judge Nichols:

      Please accept this letter brief in lieu of formal pleading on whether 18 U.S.C. § 3143(a)(1) affords any discretion to the District Court regarding Mr. Perkins' detention after conviction under 18 U.S.C. § 111(b). In contrast to my previous position, I respectfully submit that this Court has discretion and therefore request Mr. Perkins be released from custody and permitted to self-surrender directly to his designated Bureau of Prisons' facility in sixty (60) days.

      Section § 3143(a) of Title 18 provides:

(1)    Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2)    The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1)

The Honorable Carl J. Nichols
Page Two
August 22, 2023

>of section 3142 [18 USCS § 3142] and is awaiting imposition or execution of sentence be detained unless—
>(A)
>>(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Mr. Perkins was found guilty of all charges, including 18 U.S.C. § 111(b), which has been held to be a crime of violence. *See United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020). And even though Mr. Perkins is subject to detention under 18 U.S.C § 3143(a)(2), he may be released provided he qualifies under 18 U.S.C. § 3143(a)(1) in that he is not likely to flee or pose a danger to the safety of any other person or the community if released *and* if the defendant is "subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). *See United States v. Kaquatosh*, 252 F. Supp. 2d 775, 776 (2003). While 18 U.S.C. § 3145(c) is entitled "Review and appeal of a release or detention order," this relief is available to the District Courts. *Id*., fn.1, *see also United States v. Capanelli*, 263 F. Supp. 2d 677, 678-679 (S.D.N.Y. 2003).

The record is clear that Mr. Perkins will not flee or pose a danger to the safety of any other person or the community. From his arrest on June 30, 2021 through April 17, 2023, when he self-surrendered to the United States Marshals in the Middle District of Florida, Mr. Perkins remained in full compliance with all conditions of pretrial release. This Court modified those conditions several times to accommodate church gatherings, and even stepped Mr. Perkins down from home confinement to stand alone GPS monitoring after he proved he could be supervised under less restrictive conditions. Additionally, Mr. Perkins has deep family and community roots in Central Florida. He has punctually attended every video and in-person hearing before this Court, and fully complied with the United States Probation Office in completion of the presentence report. There is no indication Mr. Perkins will not comply with any conditions of release this Court imposes between the time of his release and the date of self-surrender.

The term "exceptional reasons" is not defined under 18 U.S.C. § 3145(c). "By adopting the term "exceptional reasons," and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *United States v. Garcia*, 340 F.3d

The Honorable Carl J. Nichols
Page Three
August 22, 2023

1013, 1018-19 (9th Cir. 2003) (internal quotations, citation omitted).  Courts must conduct "the full exercise of discretion in these matters.  That discretion certainly is not limited [and] . . . is constrained only by the language of the statute: 'exceptional reasons.'" *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'").

      In addition to being a wide and flexible inquiry, Courts must consider the specific, individual circumstances of the defendant and case.  "What constitutes 'exceptional reasons' must be determined on a case-by-case basis."  *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003); *DiSomma*, 951 F.2d at 497 ("As in many things, a case by case evaluation is essential . . . ."); *United States v. Goforth*, 546 F.3d 712, 716 (4th Cir. 2008) ("Exceptions to detention are inherently fact-intensive determinations . . . .").  The Court can find exceptional circumstances even if the defendant is facing a sentence of imprisonment.

> [E]ven if the defendant is bound to be sent to prison (even for a substantial period of time), the unique factual circumstances of his case could make immediate detention inappropriate. There must only be some special reason or need for the defendant to be free on bond during the period of time between the finding of guilt and sentencing.

*United States v. Kaquatosh*, 252 F. Supp. 2d at 778.

      A court may find exceptional circumstances "'based on legal' reasons, 'factual' reasons, or some combination of both."  *United States v. Mitchell*, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005).
But multiple reasons are not necessary to warrant release under 18 U.S.C. § 3145(c).  Family circumstances alone can rise to the level of exceptional circumstances.

> There is no reason why family circumstances cannot provide a factual basis for release pending sentencing. . . . [C]ourts have long approved of downward departures from the sentencing guidelines based on extraordinary family circumstances. There is no reason why the lesser relief of pre-sentence release should not also be available to qualified defendants based on family circumstances. Congress did not intend that all violent [or drug trafficking] offenders would always be detained, but rather that where appropriate, courts could determine that the hardship of detention was not required.

*United States v. Kaquatosh*, 252 F. Supp. 2d at 778–79 (citation, footnotes omitted).

The Honorable Carl J. Nichols
Page Four
August 22, 2023

  Exceptional reasons exist which warrant Mr. Perkins' release. As this Court is aware, Mr. Perkins is the primary income generator for his family. The household income in the last several years has barely broken $20,000. *See* PSR ¶108. Since his incarceration, Mr. Perkins' wife has worked cleaning their church and is seeking employment which does not interfere with her daughter's homeschooling. Releasing Mr. Perkins for sixty days will allow him to work for two more months and provide him the opportunity to sell his truck and other equipment, so his wife and children have some financial security as they adjust to Mr. Perkins' incarceration. Additionally, Mr. Perkins has lost 20 pounds since he turned himself in on April 17, 2023. He would like the opportunity to see a physician in his community prior to commencing the 48-month sentence imposed by this Court.

  Based on the law and facts cited herein, Mr. Perkins respectfully requests that he be released from custody to return to his home in Plant City, Florida for sixty (60) days under whatever conditions this Court deems appropriate. He will self-surrender to his designated facility at a date set by this Court.

                Respectfully,

                /s/ Nancy MacEoin
                NANCY MacEOIN
                Assistant Federal Defender

NM/cc
cc: Benet J. Kearney, Assistant United States Attorney
   Brendan Ballou-Kelley, Assistant United States Attorney