UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-CR-447 (CJN) |
| : | |
| MICHAEL STEVEN PERKINS : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT MICHAEL STEVEN PERKINS'S POST-SENTENCING RELEASE**

On August 17, 2023 Michael Steven Perkins was sentenced for his actions on January 6, 2021. At that sentencing, defense counsel asked that Perkins be released until the Bureau of Prisons ("BOP") designated him to a particular facility. Subsequently, Perkins revised this request to seek to be released for a period of 60 days, before returning to BOP custody. ECF No. 267 at 1. In support of this request, Perkins claims that there are "exceptional reasons" why his detention is not appropriate. This is not the case.

Following his conviction and prior to sentencing, Perkins was detained pursuant to 18 U.S.C. § 3143(a)(2). Under that section, the Court "shall order" that a defendant be held pending the "imposition or execution" of a sentence if he is found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)-(C). That list includes any "crime of violence," such as the violation of 18 U.S.C. § 111(a)(1) and (b) for which Perkins was convicted. The two exceptions to this general detention requirement do not apply here. *First*, although the Court found in March (and reiterated in August) that Perkins was not likely to flee or pose a danger to any other person or the community, *see* 18 U.S.C. § 3143(a)(2)(B), there is not a substantial likelihood that a motion for acquittal or new trial will be granted. *Second*, the government has not recommended against a sentence of imprisonment being imposed. *See* 18 U.S.C. § 3143(a)(2)(A)(i)-(ii). Thus, Perkins

1

was required to be detained while "awaiting imposition" of his sentence; he is further required to be detained while "awaiting . . . execution" of his sentence, that is, for his designation to a particular BOP facility.  18 U.S.C. § 3143(a)(2).

In certain circumstances, "[a] person subject to detention pursuant to section 3143(a)(2), . . . and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*"  18 U.S.C. § 3145(c) (emphasis added).  "Congress did not define the term 'exceptional reasons' in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards. *United States v. Wiggins*, No. 19-CR-258 (KBJ), 2020 WL 1868891, at *6 (D.D.C. Apr. 10, 2020) (denying pretrial release under Section 3145).  "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12-CR-65, 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 F. App'x 2 (D.C. Cir. 2013)).  Moreover, such exceptional reasons "should set the defendant apart from anyone else convicted of a similar crime or crimes." *United States v. Wise*, No. 3:20-CR-46, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023).

Courts in this and other districts have taken a narrow view of what constitute "exceptional reasons."  Among other things:

- Family hardship caused by incarceration is not an exceptional reason.  *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999).

2

- The lack of a criminal record is not an exceptional reason. *Wages*, 271 Fed. Appx. 726, 727-28 (10th Cir. 2008); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir.2004).

- A medical condition is not an exceptional reason. *Rodriguez*, 50 F. Supp. 2d at 722.

- The need to care for an elderly parent is not an exceptional reason. *United States v. Wages*, 271 Fed. Appx. at 727-28; *see also United States v. Mellies*, 496 F.Supp.2d 930, 937 (M.D. Tenn. 2007) (same).

- A person's employment, family support, and community connections are not exceptional reasons. *Lovo*, 263 F. Supp. 3d at 51; *see also Mellies*, 496 F.Supp.2d at 937 (Positive family support is not an exceptional reason).

- Continuing rehabilitative therapy is not an exceptional reason. *United States v. Sharp*, 517 F. Supp. 2d 462, 465 (D.D.C. 2007).

- The desire to spend time with a young child is not an exceptional reason. *United States v. Bryant*, 873 F. Supp. 660, 663 (N.D. Ga. 1994).

- The pregnancy of a teenage daughter is not an exceptional reason. *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992), *aff'd*, 993 F.2d. 1541 (4th Cir. 1993).

- Being employed is not an exceptional reason. *Lea*, 360 F.3d at 403-04.

- A defendant's low flight risk or lack of danger to the community is not an exceptional reason. *Hite*, 72 F. Supp. 3d 29 at 34.

Perkins offers the following as grounds for his post-conviction, post-sentencing release: his full compliance with the conditions of his pretrial release, his "deep family and community roots," his attendance at all pretrial proceedings, his compliance with the United States Probation Office, his desire to generate income for his family, and his desire to see a doctor. ECF No. 267 at 2. These traits, while commendable, are not exceptional. Many defendants are compliant with

3

the terms of their pretrial release, appear for proceedings as necessary, and are cooperative with the Probation Office. *Hite*, 72 F. Supp. 3d at 33-45 (denying release despite the defendant's record of living in the community under supervision). Such compliance is expected. The loss of income due to incarceration is something experienced by many families. *See Rodriguez*, 50 F. Supp. 2d at 722 (denying release pending appeal because "unfortunately, family hardship is not an unordinary consequence of incarceration."). Nor is the defendant's presence necessary to sell his truck and equipment. BOP has doctors on staff.

      Perkins has cited only two cases that support his argument, both decided by the same district court judge: *United States v. Kaquatosh* and *United States v. Mitchell*. In *Kaquatosh*, the court allowed the defendant to remain free pending sentencing because he performed well on pre-trial release; was employed; sought psychological treatment prior to imprisonment; and supported his family. 252 F. Supp. 2d 775, 779-80 (E.D. Wis. 2003). In *Mitchell*, the court allowed the defendant to remain free because he was cooperating with the government, and because he had performed well during pre-trial release (supporting his family, for instance). 358 F. Supp. 2d 707, 708-09 (E.D. Wis. 2005). The government respectfully submits that these cases are outliers. The majority of cases, including appellate court cases listed above, weigh against these factors that Perkins cites being sufficiently exceptional to grant release.

      While Perkins's appears genuinely remorseful for his actions, there are no broadly accepted "exceptional reasons" why he should be released from prison, and as such, he must continue to be detained.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: August 24, 2023 | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| By: | /s/ Brendan Ballou<br>Brendan Ballou<br>Special Counsel<br>United States Attorney's Office<br>601 D Street NW<br>Washington, DC 20001<br>(202) 431-8493<br>brendan.ballou-kelley@usdoj.gov<br><br>Benet J. Kearney<br>Assistant United States Attorney<br>One Saint Andrew's Plaza<br>New York, NY 10007<br>(212) 637-2260<br>benet.kearney@usdoj.gov |